## DENSON et al. v. WARD et al.

No. 18103. Opinion Filed Nov. 13, 1928.

A. T. West and Sigler & Jackson, for plaintiffs in error.

Johnson, McGill & Johnson and Cruce & Potter, for defendants in error.

HALL, C. This was an action in ejectment and for other relief, by Mary Denson and Minnie Chisler against Ambrose Ward, Geraldine Frame, and Nelse Chisenhall, to recover an undivided one-half interest in the lands allotted to Sylvia Frazier, a Chickasaw Indian.

The plaintiff Mary Denson claimed the interest in the property by right of inheritance. She claimed to be the grandchild of Sylvia Frazier, the allottee. Minnie Chisler claimed the said one-half interest as a grantee in a conveyance from Mary Denson.

It is conceded that the land in controversy was the allotment of Sylvia Frazier, a Chickasaw Indian, and that Sylvia Frazier died in 1903, leaving a daughter named Agnes Folsom. Agnes Folsom, in November, 1903, conveyed the land to one T. N. Coleman. The defendants are either heirs or purchasers of the land from T. N. Coleman.

The plaintiff Mary Denson, whose maiden name was Mary Frazier, claims that she is the granddaughter of Sylvia Frazier, the allottee; that her father was named Charley Frazier, who died prior to the death of Sylvia Frazier, her grandmother; and that by right of representation with Agnes Folsom, she is entitled to an undivided one-half interest in the lands.

Defendants concede that Mary Denson (nee Frazier), the plaintiff, is a niece (or half-niece) of Alice Folsom, but contend that the relationship is only through the grandfather of Mary Denson and the father of Agnes Folsom; and that the mother of Charley Frazier was not Sylvia Frazier, and therefore Charley Frazier, who was the father of Mary Frazier (now Mary Denson), was only a stepchild of Sylvia Frazier, and that Sylvia Frazier was not related by blood to plaintiff Mary Denson.

In addition to the denial of the alleged heirship of the plaintiff, as above stated, the defendants interposed, as a special defense, a plea of res adjudicata. This plea grew out of an action and judgment or purported judgment, rendered in the district court of Carter county, in the year 1912, wherein the plaintiff herein, Mary Denson, and Agnes Folsom were plaintiffs, and T. N. Coleman was defendant. The plaintiff was seeking the same relief in that action as she is seeking in this action. The court entered a judgment for defendant, upon a stipulation or "agreed statement of facts," authorizing and requesting the court to render judgment for the defendant, T. N. Coleman. The court rendered such judgment, declaring that the plaintiff Mary Denson had no interest in the

land, and awarded the defendant title thereto and exclusive possession thereof. The plaintiff Mary Denson is a full-blood Indian. There was another defense which is unnecessary to mention, as it was not sustained by the trial court.

A trial by jury was waived and the matter was submitted to the court. The evidence in the case is lengthy, and is considerably conflicting. If it were within our province to weigh the evidence, we might conclude that the weight of the evidence preponderates in favor of the plaintiffs, but the trial court thought and held otherwise. The court voluntarily made special findings of fact in the case.

It must be remembered that this action is primarily an action at law. Either party was entitled to a trial by jury, and we are bound by the established rule, that where there is competent evidence in the record reasonably sustaining the verdict, or where there is evidence upon which the court or jury might have reasonably reached the verdict in the case, its findings cannot be disturbed on appeal. This question is too elementary to require the citation of authorities.

Regarding the relationship of Sylvia Frazier, the allottee, to the plaintiff Mary Denson, the rolls and records of the Five Civilized Tribes introduced in evidence furnished but little assistance. It would serve no useful purpose to epitomize the evidence in this case. It is enough to say that both the plaintiffs and defendants introduced sufficient competent evidence to sustain their respective contentions. We have stated their contentions in the foregoing paragraphs.

It is unnecessary to enter into a discussion of or pass upon the question of whether or not the former judgment entered upon the stipulation of the parties, was a bar to a recovery.

For the reasons stated, the judgment of the trial court is hereby affirmed.

PENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.